[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12284
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 28, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 00-06013-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK ROBERTS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 28, 2009)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Patrick Roberts, through counsel, appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) motion for sentence reduction. Roberts' § 3582(c)(2) motion was based on Amendment 706 to the Sentencing Guidelines, which reduced the base offense levels applicable to crack cocaine offenses.

On appeal, Roberts concedes that he is not eligible for a sentence reduction under Amendment 706 because he was sentenced as a career offender under U.S. Sentencing Guidelines § 4B1.1. Nevertheless, he seeks to preserve for further review his claim that the district court erred. Roberts also argues that he was denied the assistance of counsel in violation of *Arizona v. Fulminante*, 499 U.S. 279, 309, 111 S. Ct. 1246, 1265 (1991). Roberts asserts that the district court's failure to notify the Federal Public Defender of its appointment left Roberts in a worse position than someone who had not had counsel appointed to him at all. While the district court had issued an order that appointed the Office of the Federal Public Defender to represent Roberts, that order was never served. The district court's orders denying Roberts' subsequent pro se motions likewise were not served on the Office of the Federal Public Defender.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008) (per curiam) (citations omitted). A district court may reduce

2

the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Any sentence reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The applicable policy statements prohibit a reduction if a retroactive amendment applies to the defendant but "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." U.S. SENTENCING GUIDELINES MANUAL § 1B1.10 cmt. n.1(A).

Harmless error is applied to sentencing cases and remand is unnecessary if the party defending the sentence persuades the court of appeals that the district court would have imposed the same sentence absent the error. *Williams v. United States*, 503 U.S. 193, 203, 112 S. Ct. 1112, 1121 (1992). There is no constitutional or statutory right to counsel for § 3582(c)(2) proceedings. *United States v. Webb*, No. 08-13405, slip op. at 1977 (11th Cir. April 13, 2009) (per curiam).

Here, as Roberts concedes, the district court did not err in denying his motion for sentence reduction because he was sentenced as a career offender, and the crack cocaine offense level played no ultimate role in his sentence. *See United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008), *cert. denied*, 129 S.

3

Ct. 1601 (2009), and *McFadden v. United States*, 129 S. Ct. 965 (2009) ("Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence.").

Because Roberts had no constitutional right to an attorney during a § 3582(c)(2) proceeding, and the district court would have imposed the same sentence even if he had been represented by counsel, Roberts' rights were not violated by the failure of the court to notify his counsel of its appointment. *See Williams*, 503 U.S. at 203, 112 S. Ct. at 1121; *Webb*, No. 08-13405, slip op. at 1977.

Upon review of the record and the parties' briefs, we discern no error. Accordingly, we affirm.

**AFFIRMED.**